IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY R. SIEGEL, | No. C 97-03438 SI |
| Plaintiff, | **ORDER DENYING WILLIAM BISCHOFF'S MOTION TO VACATE RENEWAL OF JUDGMENT** |
| v. | |
| CORAL PIT, INC., | |
| Defendant. | |

On November 9, 2007, the Court heard oral argument on William Bischoff's motion to vacate renewal of the Court's judgment in favor of Francis Gill. Having considered the arguments of counsel and the papers submitted, the Court hereby DENIES Bischoff's motion to vacate the renewal of judgment.

Bischoff moves under Federal Rule of Civil Procedure 60(b) to vacate the renewal of judgment issued by this Court on March 15, 2007. As an initial matter, the Court holds that Bischoff has standing to bring this motion. It is undisputed that the judgment creditor of the original judgment, Jeffrey Siegel, assigned his interest in the judgment to Bischoff. Bischoff is therefore the assignee or potential assignee of the judgment, and certainly has standing to bring a motion contesting the Court's issuance of an order assigning the judgment to another party. The Court also holds that Bischoff's motion was timely. Bischoff has brought a motion under Rule 60(b), which permits this Court to relieve a party from a judgment or order upon mistake, misrepresentation, or "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). That rule also provides that the motion "shall be made within reasonable time." *Id.* After this Court granted Gill's motion for renewal of judgment on March 15, 2007, Gill served defendant Coral Pit on March 21, 2007, with the appropriate papers. Gill

did not serve Bischoff, such that Bischoff apparently did not learn of the renewal of judgment displacing Siegel (and therefore Bischoff himself) as the judgment creditor until early July 2007. *See* Bischoff letter [Docket No. 20]. Bischoff filed the motion to vacate renewal of judgment on September 25, 2007, less than three months after learning of the renewal of judgment. Bischoff's motion was therefore made "within reasonable time" under Federal Rule of Civil Procedure 60(b), and Gill does not argue otherwise.

As to the merits of Bischoff's motion, the Court cannot decide the question whether Gill or Bischoff is the proper assignee of the Siegel judgment because it does not have all of the evidence before it. Instead, the ultimate decision regarding whether the contract between Siegel and Bischoff has been or should be rescinded lies with the superior court in Guam, where Gill has filed a civil action against Bischoff seeking a judicial declaration that the Siegel-Bischoff Agreement has been rescinded. If, after ruling on Gill's rescission claim, the Guam superior court determines that additional action by this Court is needed to assign the judgment to Bischoff, the Court will act accordingly. In the meantime, the Court has no intention of permitting the Siegel judgment to lapse by vacating its earlier renewal of the judgment. The Court also notes that the district court in Guam has stayed the writ of execution on the judgment, and recommends that the district court continues to stay the writ until the superior court determines which party is the proper assignee of the judgment. Although the parties indicated at oral argument that they would be amenable to stipulating to a stay of execution on the judgment pending the outcome of the Guam superior court action, the Court has recently learned that Gill has not agreed to a stay.

For the foregoing reasons and for good cause shown, the Court DENIES WITHOUT PREJUDICE Bischoff's motion to vacate the Court's March 15, 2007 renewal of judgment [Docket No. 21].

**IT IS SO ORDERED.**

Dated: December 3, 2007

SUSAN ILLSTON
United States District Judge