IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY SIEGEL,<br><br>    Plaintiff,<br><br>    v.<br><br>CORAL PIT, INC.,<br><br>    Defendant.<br>_____ / | No. C 97-03438 SI<br><br>**ORDER GRANTING WILLIAM BISCHOFF'S MOTION TO VACATE RENEWAL OF JUDGMENT ORDER** |

On May 10, 2013, the Court heard third-party William Bischoff's argument on his renewed motion to vacate this Court's prior Order granting third-party Francis Gill's application for a Renewal of Judgment. Francis Gill did not oppose the motion or attend the hearing. Having carefully considered the arguments of counsel and papers submitted, the Court GRANTS the motion to vacate, for the reasons set forth below.

On December 1, 1997, the Court entered a Judgment in this proceeding in favor of plaintiff Siegel. In January 2002, Siegel assigned his interest in the Judgment to William Bischoff (the "Siegel-Bischoff Agreement" or "Agreement"). As part of the consideration for the assignment, Bischoff agreed to pay Siegel 50% of any amount collected on the Judgment. On March 14, 2002, Siegel filed for Chapter 7 bankruptcy. At the trustee's sale, Francis Gill bought Siegel's interest in the Agreement.

Then, Gill purported to rescind the Agreement and claimed that he had the sole right to collect under the Judgment. Gill moved for a Renewal of Judgment, claiming to be the sole assignee of the Judgment. On March 16, 2007, the Court granted Gill's motion based upon his representations ("Renewal of Judgment Order").

Three months later, Bischoff moved for the Court to vacate its Renewal of Judgment Order. The

Court found that the motion was proper under Rule 60(b), which allows the Court to relieve a party from a judgment upon mistake, misrepresentation, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The Court found that Bischoff had standing, and his motion was timely and proper.

However, the Court found that it could not decide the question of whether Gill or Bischoff was the proper assignee of the Judgment. "Instead, the ultimate decision regarding whether the contract between Siegel and Bischoff has been or should be rescinded lies with the superior court in Guam, where Gill has filed a civil action against Bischoff seeking a judicial declaration that the Siegel-Bischoff Agreement has been rescinded." Docket No. 30, at 2. Accordingly, at that time, the Court denied without prejudice Bischoff's motion to vacate the Court's Renewal of Judgment Order.

Since then, the Guam Superior Court held that Gill had no basis to rescind the Siegel-Bischoff Agreement, and it dismissed that claim. On December 20, 2011, the Guam Supreme Court affirmed the holding of the Superior Court that Gill had no basis to rescind the Agreement. *See* Req. for Judicial Notice, Ex. B, at 6-9.[1]

Therefore, based on the preclusive effect of the finding by the Supreme Court in Guam, this Court must find that Gill did not effectively rescind the Siegel-Bischoff Agreement. Accordingly, because the Agreement was not rescinded, Gill was never an assignee of the Judgment, and therefore was not entitled to a Renewal of Judgment.

For the foregoing reasons, the Court GRANTS William Bischoff's motion, and VACATES the Renewal of Judgment Order [Docket No. 18].

**IT IS SO ORDERED.**

Dated: May 10, 2013

SUSAN ILLSTON
United States District Judge

---

[1] The Court may take judicial notice of matters of public record outside the pleadings. *See MGIC Indemn. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

2